# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-093-JMS-DKL |
| | ) | |
| BUTTS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Entry and Order Dismissing Action

Christopher Hudson, an inmate at Pendleton Correctional Facility, filed this civil rights complaint after he was placed in a small shake down booth for more than 13 hours. During this time Hudson had only his boxers on, was denied his inhaler (although there is no indication in that he suffered an asthma attack or otherwise needed his inhaler), was required to urinate in a styrofoam cup, and ate his meals in the booth, which he describes as unsanitary. Staff allegedly verbally abused and threatened him. These circumstances caused Hudson mental suffering. Hudson alleges that these circumstances violated his Fifth, Eighth and Fourteenth Amendment rights. Hudson seeks money damages in the amount of Two Hundred Thousand Dollars.

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Hudson, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Applying the foregoing standard, the supplemented complaint fails to state a claim upon which relief can be granted and must therefore be dismissed pursuant to ' 1915A.

First, a successful claim under the Eighth Amendment requires proof of obvious physical injury or of extreme and officially-sanctioned psychological harm. *See Doe v. Welborn,* 110 F.3d 520, 524 (7th Cir. 1997)(fear of assault was not "the kind of extreme and officially sanctioned psychological harm that [supports] a claim for damages under the Eighth Amendment"). That element, harm, is absent in the supplemented complaint. Verbal abuse, harassment, and unprofessional conduct do not rise to the level of a constitutional violation for which relief may be granted in a civil rights case. *Johnson v. Unknown Dellatifa,* 357 F.3d 539, 546 (6th Cir.) (citing *Ivey v. Wilson,* 832 F.2d 950, 954-55 (6th Cir. 1987)), *cert. denied,* 543 U.S. 837 (2004).

Similarly, the complaint fails to allege a viable due process violation. The due process clause is triggered when the government deprives an individual of life, property or liberty. *See Kentucky Department of Corrections v. Thompson,* 490 U.S. 454, 459-60 (1989). Decisions and actions by prison authorities which do not deprive an inmate of a protected liberty interest may be made for any reason or for no reason. *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001)(when no recognized liberty or property interest has been taken, the confining authority Ais free to use any procedures it chooses, or no procedures at all@). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose Aatypical and significant hardship . . . in relation to the ordinary incidents of prison life.@ *Sandin v. Conner,* 515 U.S. 472, 484 (1995). Insofar as pertinent here, Hudson's 13-hour confinement in a shake-down booth did not result in an atypical and significant hardship in relation to the ordinary incidents of prison life. The conditions of confinement imposed on the plaintiff "'likely would apply to most solitary confinement facilities,' suggesting that the conditions themselves were ordinary incidents of prison life that inmates have no liberty interest in avoiding." *Townsend v. Fuchs*, 552 F.3d 765, 772 (7th Cir. 2008) (*quoting Wilkinson v. Austin*, 545 U.S. 209, 222-24 (2005)). Accordingly, there is no viable due process claim asserted in Hudson=s complaint and the dismissal of that claim as legally insufficient is proper. *See Wilkinson,* 545 U.S. at 221 (A[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.@).

Finally, Hudson has alleged no physical injury as a result of the wrongful conduct attributed to the defendants and hence there is no recovery which may be had. A provision of the Prison Litigation Reform Act provides A[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.@ 42 U.S.C. ' 1997e(e).ASection 1997e(e) as enacted is . . . simple to understand. A "prisoner cannot bring an action for mental injury unless he has suffered physical injury too.@ *Kerr v. Punkett,* 138 F.3d 321, 323 (7th Cir. 1998).

For the reasons explained above, the complaint fails to survive the screening required by ' 1915A because it fails to contain a legally viable claim. Dismissal of the action pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/19/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Christopher Hudson
120501
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064